## CIRCUIT COURT OF PULASKI COUNTY

Nationwide Mut. Ins. Co.

v.

Curtis C. Sifford

February 1, 1996

BY JUDGE COLIN R. GIBB

This matter is before the court on plaintiff Nationwide Mutual Insurance Companies' motion for declaratory judgment requesting the court to find that an automobile insurance policy issued by them to the defendant Curtis Sifford did not afford uninsured motorist coverage to Sifford for bodily injuries sustained as a result of being a victim of a drive-by shooting.

The issues for the court to determine are whether the injuries to Sifford were, according to the terms and provisions of his policy, caused by the operator of an uninsured motor vehicle, caused by accident, and arose out of the use of an uninsured motor vehicle.

The court makes the following findings of fact. The defendant Sifford was insured by an automobile liability insurance policy issued by Nationwide, including uninsured coverage in the amount of $100,000.00. On November 14, 1992, at approximately 3:50 a.m., Sifford, while driving his motor vehicle, stopped at a drive-thru window at the Hardee's Restaurant in Dublin to pick up something to eat. He then left Hardee's and drove towards Radford via State Route 11. That night David Lawson and Christopher McGlothlin had been out drinking and riding around in a borrowed pick-up truck. Lawson and McGlothlin had previously discussed killing someone just to see what it felt like. McGlothlin and Lawson also stopped at Hardee's that morning to get something to eat and were sitting in their vehicle in the parking lot near the drive-thru window when they observed Sifford pull through. When Sifford left, they followed. Lawson was driving and McGlothlin riding in the passenger seat. Lawson and McGlothlin pursued their intended victim down Route 11 and then proceeded to pull into the left lane along side Sifford's vehicle, at which time McGlothlin took a shotgun and pointed it out the passenger window, aimed at Sifford, and fired a shot which struck Sifford in the face causing him severe and

permanent injuries. Lawson and McGlothlin fled the scene in their motor vehicle.

It is the court's opinion that when Lawson and McGlothlin left the parking lot of Hardee's, it was their joint and mutual intention to pursue Sifford in their motor vehicle and to hunt down and kill him with a blast from a shotgun. There is no doubt that the pick-up truck was an instrumentality of their plan (as much as the shotgun), and without it, they could not and would not have carried out their plan. Their plan was to shoot and kill someone from a moving motor vehicle.

It is stipulated between the parties that the damages to Sifford were caused by the operator of an uninsured motor vehicle as defined under the policy. The court is of the further opinion and finds that the subject damages were "caused by accident" as it would be applied to Sifford. What occurred was certainly unexpected from the viewpoint of the insured. That brings us to the central question in this case, whether the use of the motor vehicle by McGlothlin and Lawson was a use within the policy coverage. The use of a private passenger motor vehicle as an instrumentality from which an assailant may inflict intentional injury with a firearm is in the court's opinion not a use contemplated or intended by the terms of the policy. Thus, while there is a causal relationship between the incident and the employment of the truck as a vehicle, the intended meaning of "use" of a private motor vehicle does not contemplate its utilization as a mobile pillbox or as an outpost from which an assailant may inflict intentional injury with a firearm. While the court's sympathy is with Mr. Sifford, the court is of the opinion that there is no uninsured motorist coverage for a drive-by shooting.